Battle, J.
 

 The terms of the contract, by which the defendant hired his slave Jerry to Ray, from whom the plaintiff got him, are not all set forth in the bill of exceptions; but it is stated that one of them was, that the hirer should not carry the slave out of the county of Washington. The question is, whether that stipulation is to be treated as a condition, the breach of which put an end to the contract, and authorised the defendant to retake his slave, or whether it is to be regarded as a mutual, independent covenant or promise, for the breach of which the defendant might sue and recover whatever damages he had thereby sustained. In stating this to be the question, we assume that the conduct of the defendant towards his slave, Jerry, in the streets of Plymouth, was an unlawful interference with .the rights of the plaintiff, (as we think it was,) unless the contract of hiring had been put an end to, by the
 
 intention
 
 of the plaintiff to take the slave out of the County. We are of the opinion, that the stipulation in question cannot be treated as a condition, because such a construction would make the contract operate very unequally between the parties
 
 ;
 
 as for instance, if the plaintiff had, the day after the hiring, carried the slave out of the County, and kept him out of it for a week, the defendant could have retaken him, and yet have claimed the whole amount of the hire for the year. But suppose it were to be taken as a condition? to defeat the estate or interest of the plaintiff, the forfeiture had not been incurred at the time of the alleged unlawful interference of the defendant, for at that time the slave
 
 had not been carried out of the County.
 

 The true construction of the stipulation, is to consider it a mutual, independent promise, because it went to a part only of the consideration on the other side, and on breach of it, may be paid for in damages. Platt on Cov., 90, (3 Law Lib., 40.) 2 Steph. N. P., 1072. In a case which came before this Court,
 
 Twidy
 
 v.
 
 Saunderson,
 
 9 Ire. Rep. 5, the owners sued the hirer for the breach óf a similar stipulation, and recovered substantial damages. Without deciding whether the conduct of the defendant complained of, amounted to a conversion, so as to sustain the count for
 
 *341
 
 trover, we hold that it was an unauthorised interference with the rights of the plaintiff, and entitled him to recover on the second count for the tort. The judgment must be affirmed.
 

 PER Curiam. Judgment affirmed.